UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>BFP INVESTMENTS 4 LLC,<br><br>Defendant(s). | Case No. 2:17-CV-2033 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Federal National Mortgage Association's ("Fannie Mae") motion for summary judgment. (ECF No. 28). Defendant BFP Investments 4 LLC ("BFP") filed a response (ECF No. 38), and plaintiff filed a reply (ECF No. 40).

Also before the court is defendant's motion to dismiss. (ECF No. 12). Plaintiff filed a response (ECF No. 18), to which defendant replied (ECF No. 19).

Also before the court is defendant's motion for summary judgment. (ECF No. 39). Plaintiff filed a response (ECF No. 41), to which defendant replied (ECF No. 42).

Also before the court is plaintiff's motion to schedule summary judgment briefing. (ECF No. 17). Defendant filed a response (ECF No. 23), to which plaintiff replied (ECF No. 26).

**I.  Introduction**

This action involves the parties' interests in real property located at 4312 Desert Haven Avenue, North Las Vegas, Nevada, 89085 ("the property"). (ECF No. 1).

*a.  Plaintiff's interest in the property*

In 2006, Stephanie and Douglas Halvorson obtained title to the property via a grant bargain sale deed. (ECF No. 1). On September 15, 2006, the Halvorsons obtained a loan from Mountain States Mortgage Centers Inc. ("MSMC") for $238,180, evidenced by a promissory

note. *Id.* The note was secured by a deed of trust to secure repayment of the loan. *Id.* MSMC was the trustee, and Mortgage Electronic Registration Systems ("MERS") was the beneficiary, solely as nominee for MSMC and its successors and assigns. *Id.* The property is subject to Covenants, Conditions, and Restrictions in favor of Prescott Park Homeowners Association ("the HOA"). *Id.*

Plaintiff alleges that "[i]n October 2006, Fannie Mae acquired ownership of the Loan, including the Note and Deed of Trust."[1] *Id.* On September 15, 2010, MERS assigned its beneficial interest in the deed of trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP (now known as "BANA"). *Id.* Plaintiff alleges that BANA was the servicer of the loan for Fannie Mae at the time. *Id.* On October 29, 2014, BANA assigned its interest in the deed of trust to plaintiff Fannie Mae. *Id.*

### b. *Defendant's interest in the property*

On January 24, 2014, Nevada Association Services, Inc. ("NAS") recorded a notice of delinquent assessment lien against the property on behalf of the HOA. *Id.* On March 12, 2014, NAS recorded a notice of default and election to sell on behalf of the HOA. *Id.* On August 15, 2014, NAS recorded a notice of foreclosure sale on behalf of the HOA. *Id.*

On September 5, 214, the HOA conducted a non-judicial foreclosure sale, at which defendant was the successful bidder. *Id.* On September 8, 2014, a foreclosure deed was recorded, listing defendant as the purchaser at the HOA foreclosure sale. *Id.*

### c. *Plaintiff's complaint*

Plaintiff challenges defendant's conduct surrounding the September 5, 2014, HOA foreclosure sale and seeks to preserve its pre-sale interest in the property. *Id.* Plaintiff alleges the following causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3); (2) quiet title under 12 U.S.C. § 4617(j)(3); (3) declaratory relief under the Fifth and Fourteenth Amendments of the United States Constitution; (4) quiet title under the Fifth and Fourteenth Amendments of

---

[1] Fannie Mae's SIR report lists the acquisition date as October 1, 2006. (ECF No. 28-1 at 29).

James C. Mahan
U.S. District Judge

- 2 -

the United States Constitution; (5) declaratory relief based on commercial unreasonability; and (6) quiet title based on commercial unreasonability. (ECF No. 1).

**II.     Legal Standard**

*a.     Motion for summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

      *b.*     *Motion to dismiss*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### a. Plaintiff's claims for declaratory relief

Plaintiff's first, third, and fifth causes of action assert claims for declaratory relief. (ECF No. 1).

"[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l Mortg. Ass'n*, no. 2:11-cv-00149-JAD-PAL, 2014 WL 584876 (D. Nev. Feb. 11, 2014); *see Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, no. 2:15-cv-02257-JCM-CWH, 2017 WL 1902158, at *4 (D. Nev. May 9, 2017) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)); *see also Centex Homes v. Everest Nat'l Ins. Co.*, no. 2:16-cv-01275-GMN-CWH, 2017 WL 4349017 (D. Nev. Sept. 29, 2017) ("[T]he Court will interpret Plaintiff's claim for declaratory relief as a request for a remedy rather than a separate cause of action . . . .").[2] As plaintiff's first, third, and

---

[2] The court in *Centex* denied defendant's motion to dismiss plaintiff's claim for declaratory relief due to its interpretation of plaintiff's claim as a request for a remedy rather than a separate cause of action. 2017 WL 4349017, at *5. This court will grant defendant's motion to dismiss, but will consider the allegations within plaintiff's first and second causes of action to the extent they request the remedy of declaratory relief. The court does not see a practical difference between the two approaches.

James C. Mahan
U.S. District Judge

- 5 -

fifth causes of action request a remedy of declaratory relief, and are not substantive causes of action, the court will dismiss the claims to the extent they purport to create causes of action. *See Wells Fargo*, 2017 WL 1902158, at *4.

### b. *Plaintiff's quiet title claim pursuant to § 4617(j)(3)*

Plaintiff's motion argues that summary judgment in its favor is proper as to its claims for declaratory relief and quiet title because 12 U.S.C. § 4617(j)(3) ("the federal foreclosure bar") preempts contrary state law. (ECF No. 28).

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq.* In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar

applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Fannie Mae acquired interest in the property on October 1, 2006. Pursuant to § 4617(b)(2)(A)(i), FHFA, upon its appointment as conservator, immediately succeeded to all rights, titles, powers, and privileges of Fannie Mae. See 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for Fannie Mae prior to the HOA foreclosure sale on September 5, 2014.

FHFA did not consent to the extinguishment of plaintiffs' property interest through the HOA foreclosure sale. As the Ninth Circuit held in *Berezovsky*, "[t]he Federal Foreclosure Bar does not require the Agency to actively resist foreclosure. Rather, the statutory language cloaks agency property with Congressional protection unless or until the Agency affirmatively relinquishes it." 869 F.3d at 929. Thus, the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust when, as here, FHFA did not affirmatively consent to foreclosure.

Defendant argues that Fannie Mae lacks standing to raise federal foreclosure bar arguments. (ECF No. 38). Fannie Mae has standing to invoke the federal foreclosure bar. FHFA does not need to be a party to the litigation in order to invoke § 4617(j)(3). *See Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 Fed. Appx. 658, 2017 WL 4712396 (9th Cir. Oct. 20, 2017) (holding a loan servicer, in addition to Fannie Mae, has standing to assert a claim of federal preemption); *Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017). Similarly, the Nevada Supreme Court recently held that the powers set forth in HERA and FHFA's regulations are intentionally broad and not limited in use only to FHFA. *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (holding that authorized servicers of Fannie Mae "may argue that the Federal Foreclosure Bar preempts NRS 116.3116, and that neither [the Enterprise] nor the FHFA need be joined as a party."). Further, 12 C.F.R. § 1237.3 gives FHFA the authority to delegate through Fannie Mae.

Defendant argues that no admissible evidence proves that Fannie Mae held an interest in the property on the date of the foreclosure sale. (ECF No. 38). The *Berezovsky* decision is again

instructive. In *Berezovsky*, the court held that Fannie Mae's business records regarding the loan's servicing and acquisition history, along with a declaration explaining the records, adequately evinced Fannie Mae's property interest. 869 F.3d at 932–33. The court upheld summary judgment in favor of Fannie Mae based on these noticed records and based on the Guide defining the servicing relationship between Fannie Mae and its servicers. *Id.* at 933.

Here, plaintiff attached to its motion Fannie Mae's business records regarding loan servicing and acquisition history, accompanied by a supporting declaration. *See* (ECF No. 28-1) (containing business records and supporting declaration). Under *Berezovsky*, the court may consider these records as evidence when considering motions for summary judgment. *See* 869 F.3d at 932–33. Further, similarly to the appellant in *Berezovsky*, defendant here provides no evidence to contradict plaintiff's offered documents. *Cf. id.* at 933 ("Berezovsky points to no evidence before the district court that created a material dispute regarding the legal import of Freddie Mac's exhibits concerning its interest in the property.").

Fannie Mae obtained its interest in the property prior to the alleged HOA foreclosure sale. As Fannie Mae was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, Fannie Mae's interest in the property survived the alleged foreclosure. Plaintiff is entitled to summary judgment on its quiet title claim pursuant to § 4617(j)(3).

         *c.*    *Plaintiff's remaining quiet title claims*

Given the court's holding on plaintiff's § 4617(j)(3) quiet title cause of action, the court need not address plaintiff's alternative quiet title claims.

         *d.*    *Summary*

As the court holds summary judgment in favor of plaintiff as to its second claim for quiet title is appropriate, the court will deny defendant's motion to dismiss and defendant's motion for summary judgment. Plaintiff's motion to schedule summary judgment briefing is moot.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 28) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 12) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 39), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to schedule summary judgment briefing (ECF No. 17) be, and the same hereby is, DENIED as moot.

DATED THIS 27th day of April, 2018.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE