UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>BFP INVESTMENTS 4 LLC,<br><br>Defendant(s). | Case No. 2:17-CV-2033 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant BFP Investments 4 LLC's ("defendant") motion for reconsideration. (ECF No. 46). Plaintiff Federal National Mortgage Association ("plaintiff") filed a response (ECF No. 53), to which defendant replied (ECF No. 59).

Also before the court is plaintiff's motion for entry of judgment. (ECF No. 45). Defendant filed a response (ECF No. 47), to which plaintiff replied (ECF No. 54).

**I.     Background**

The parties are already familiar with the underlying facts of this case. *See* (ECF No. 44). Therefore, the court need not recite them again herein. However, the court will explain the relevant procedural history of this case that has led to the instant motions.

On April 27, 2018, the court entered an order granting summary judgment in favor of plaintiff on its quiet title claim. (ECF No. 44). However, due to a clerical mistake, final judgment was never entered as a result of that order, and the case was not closed.

Thereafter, on May 22, 2018, plaintiff filed its motion for entry of judgment. (ECF No. 45). Then, on May 25, 2018, defendant filed its motion for reconsideration. (ECF No. 46). The court now considers both motions.

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

Defendant argues that the court should reconsider its previous order granting summary judgment in favor of plaintiff for two reasons: (1) the court failed to consider its motion for 56(d) relief, and (2) plaintiff's "note" was unsecured at the time of the foreclosure sale. (ECF No. 46). For the following reasons, defendant's motion is denied.

First, defendant is incorrect in its assertion that the court did not consider its request for discovery pursuant to 56(d). In its previous order, the court specifically addressed the evidentiary dispute, and found that it could resolve the pending motions based on the evidence that was already in the record. (ECF No. 44 at 7–8). Accordingly, the court holds that defendant is not entitled to relief based on this argument.

Next, defendant argues that the evidence in the record does not support a finding that plaintiff had a secured interest in the deed of trust at the time of the foreclosure sale. (ECF No. 46). However, the court finds that this argument simply rehashes a similar argument that the court considered in its previous order.

James C. Mahan
U.S. District Judge

- 2 -

Indeed, the court found that plaintiff in this case had presented nearly identical evidence to that presented in *Berezovsky v. Moniz*, in which the Ninth Circuit held that Fannie Mae's business records regarding the loan's servicing and acquisition history, along with a declaration explaining the records, adequately evinced Fannie Mae's property interest at the time of the foreclosure sale. (ECF No. 44 at 7–8). *See also Berezovsky v. Moniz*, 869 F.3d 923, 932–33 (9th Cir. 2017).

Accordingly, the court finds that defendant has not presented sufficient grounds for reconsideration of the court's previous order. The court will therefore deny defendant's motion for reconsideration. (ECF No. 46). Additionally, because the court finds that defendant is not entitled to reconsideration, the court will grant plaintiff's motion for entry of judgment. (ECF No. 45).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for reconsideration (ECF No. 46) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for judgment (ECF No. 45) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall prepare and submit a proposed judgment consistent with the foregoing within thirty (30) days of the date of this order.

DATED March 13, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**